IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs July 7, 2015

## KENNETH A. ADAMS v. STATE OF TENNESSEE

**Appeal from the Circuit Court for Tipton County**
**No. 3275     Joseph H. Walker III, Judge**

---

**No. W2014-02160-CCA-R3-PC  -  Filed September 28, 2015**

---

The Petitioner, Kenneth A. Adams, appeals as of right from the Tipton County Circuit Court's summary dismissal of his petition for post-conviction relief.  The Petitioner contends that the post-conviction court erred in summarily dismissing his petition on the grounds that it was untimely filed.  Discerning no error, we affirm the judgment of the post-conviction court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

D. KELLY THOMAS, JR., J., delivered the opinion of the court, in which THOMAS T. WOODALL, P.J., and JOHN EVERETT WILLIAMS, J., joined.

Kenneth A. Adams, Henning, Tennessee, Pro Se.

Herbert H. Slatery III, Attorney General and Reporter; and Tracy L. Alcock, Assistant Attorney General, for the appellee, State of Tennessee.

## OPINION

The Petitioner was convicted in 1998 of premeditated first degree murder, felony first degree murder, especially aggravated kidnapping, and aggravated robbery.  State v. Kenneth A. Adams and Jeremiah A. Leavy, No. W1998-00531-CCA-R3-CD, 1999 WL 1565193 (Tenn. Crim. App. Dec. 21, 1999).  The Petitioner was fifteen years old at the time of the offenses in April 1997.  The Petitioner, along with another juvenile and two adults, broke into "the [seventy-one]-year-old victim's home," ransacked it, searching "fruitlessly" for "a large amount of money rumored to be kept in the house," and then waited for the victim to return "from visiting his convalescent wife in a nursing home." Id. at *1.

When the victim returned home, the Petitioner and his co-defendants bound the victim and placed him in a bathtub "filled with water and kerosene." Adams, 1999 WL 1565193, at *1. The Petitioner and his co-defendants then "covered the victim with various blankets, drapes, and pieces of furniture," which caused the victim to die by asphyxiation. The Petitioner and his co-defendants ultimately took the victim's car along with twenty dollars, "a microwave oven, and a kerosene space heater." Id. Following the Petitioner's trial, the trial court sentenced the Petitioner to an effective sentence of life imprisonment plus fifteen years.

This court affirmed the Petitioner's convictions on direct appeal, and on July 31, 2000, our supreme court declined to review that decision. Adams, 1999 WL 1565193, at *1. On September 12, 2014, the Petitioner filed the instant petition for post-conviction relief, arguing that the United States Supreme Court's decision in Miller v. Alabama, __ U.S. __, 132 S. Ct. 2455, 2460 (2012), holding that "mandatory life without parole for those under the age of [eighteen] at the time of their crimes violates the Eight Amendment's prohibition on 'cruel and unusual punishments,'" established a new constitutional right that was not recognized as existing at the time of his trial.

The post-conviction court summarily dismissed the petition in a written order filed September 15, 2014. The post-conviction court's order stated that the petition was time-barred and that the holding in Miller did not apply to the Petitioner's case because the Petitioner was sentenced to life imprisonment, not life without parole. The Petitioner now appeals to this court, raising the same issue and arguments he did in the post-conviction court. The State responds that the petition was time-barred and that Miller does not apply to the Petitioner's case because the Petitioner's sentence was not life without parole.

Post-conviction relief is available when a "conviction or sentence is void or voidable because of the abridgment of any right guaranteed by the Constitution of Tennessee or the Constitution of the United States." Tenn. Code Ann. § 40-30-103. A petition for post-conviction relief must be filed "within one (1) year of the date of the final action of the highest state appellate court to which an appeal is taken or, if no appeal is taken, within one (1) year of the date on which the judgment became final . . . ." Tenn. Code Ann. § 40-30-102(a). Here, it is undisputed that the Petitioner filed his petition well outside the one-year statute of limitations.

"[T]he right to file a petition for post-conviction relief . . . shall be extinguished upon the expiration of the limitations period." Tenn. Code Ann. § 40-30-102(a). "If it plainly appears from the face of the petition, any annexed exhibits or the prior proceedings in the case that the petition was not filed . . . within the time set forth in the statute of limitations, . . . the judge shall enter an order dismissing the petition." Tenn. Code Ann. § 40-30-106(b). The Post-Conviction Procedure Act is explicit that the one-

year statute of limitations "shall not be tolled for any reasons, including any tolling or saving provision otherwise available at law or equity." Tenn. Code Ann. § 40-30-102(a).

The Act provides for only three narrow factual circumstances in which the statute of limitations may be tolled. Tenn. Code Ann. § 40-30-102(b). The only relevant exception to the Petitioner's case states as follows:

> The claim in the petition is based upon a final ruling of an appellate court establishing a constitutional right that was not recognized as existing at the time of trial, if retrospective application of that right is required. The petition must be filed within one (1) year of the ruling of the highest stated appellate court or the United States [S]upreme [C]ourt establishing a constitutional right that was not recognized as existing at the time of trial.

Tenn. Code Ann. § 40-30-102(b)(1) (emphasis added).

The Supreme Court's decision in Miller was filed on June 15, 2012. The Petitioner did not file his petition for post-conviction relief until September 12, 2014, more than two years after the ruling. As such, the post-conviction court correctly dismissed the petition for being untimely filed. Furthermore, the holding in Miller would not apply to the Petitioner because he was sentenced to life imprisonment and, therefore, eligible for release after serving fifty-one years. See Tenn. Code Ann. § 40-35-501(i)(1),(2); Floyd Lee Perry, Jr. v. State, No. W2013-00901-CCA-R3-PC, 2014 WL 1377579, at *5 (Tenn. Crim. App. Apr. 7, 2014) (holding the same in the context of a Petitioner's motion to re-open his original post-conviction petition), perm. app. denied (Tenn. Sept. 18, 2014). Accordingly, we affirm the post-conviction court's summary dismissal of the petition.

Upon consideration of the foregoing and the record as a whole, the judgment of the post-conviction court is affirmed.

_____
D. KELLY THOMAS, JR., JUDGE